UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-916 PA (MARx) | | Date | June 28, 2023 |
|---|---|---|---|---|
| Title | American General Life Ins. Co. v. Daryl P. Alexander, M.D., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

  Before the Court is a Motion to Dismiss filed by defendant, crossclaimant, and cross-defendant PF Participation Funding Trust ("PF Funding") (Docket No. 32). PF Funding challenges the sufficiency of the Crossclaim filed by defendant, cross claimant, and cross-defendant Daryl P. Alexander, M.D. ("Dr. Alexander"), both individually and as executor of the Estate of George Alexander (the "Estate"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 10, 2023, is vacated, and the matter taken off calendar.

  Plaintiff American General Life Insurance Company ("American General") commenced this interpleader action on February 7, 2023, after receiving conflicting claims from PF Funding and Dr. Alexander for the proceeds of a $3.5 million life insurance policy on the life of George Alexander ("Mr. Alexander"), who passed away in July 2022. Both Dr. Alexander, George Alexander's widow, and PF Funding, have filed Crossclaims against one another. Dr. Alexander's Crossclaim alleges that the life insurance policy is a "stranger originated life insurance" or "STOLI" policy that originated with insurance agent David McIntyre ("McIntyre").

  According to Dr. Alexander's Crossclaim, McIntyre and other insurance agents fraudulently induced George Alexander to participate in obtaining the subject life insurance policy with promises that the policy would name Dr. Alexander as the policy beneficiary for at least two years. The policy apparently instead named the George Alexander 2008 Irrevocable Trust ("Alexander Trust") as the owner and beneficiary of the policy and McIntyre was the trustee. The Crossclaim alleges that the purchase of the policy was "secretly and fraudulently financed through multiple forgeries, including an insurance premium" loan provided by First Bank of Delaware ("FBD"). Dr. Alexander alleges that "nearly all of the documents generated in support of this particular STOLI scheme, including a personal guarantee to what is typically a non-recourse loan, were fraudulently executed by someone other than Mr. Alexander, leaving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-916 PA (MARx) | | Date | June 28, 2023 |
|---|---|---|---|---|
| Title | American General Life Ins. Co. v. Daryl P. Alexander, M.D., et al. | | | |

Mr. Alexander unaware of nearly all of the transactions that followed the placing in force of the Policy." The Crossclaim alleges:

> Unbeknownst to Mr. Alexander, FBD purportedly undertook a foreclosure procedure, whereby it claimed to take ownership of the entire Policy, and thus insert itself as the beneficiary. No notice of this foreclosure was provided to Mr. Alexander, or his relatives or family members. On information and belief, such foreclosure was improper without properly noticing the necessary parties to the loan transaction, which would have included Mr. Alexander. Moreover, on information and belief, if notice was provided, it was perhaps provided to the Trustee of the sham life insurance trust, who was complicit in operation with FBD, and thus FBD's intentionally omitting notice to Mr. Alexander directly allowed FBD to assume the Policy . . . .

(Alexander Crossclaim ¶ 17.)

FBD ceased operations in 2012 and its assets, including the policy issued to the Alexander Trust, were liquidated and transferred to the FBD Liquidating Trust. PF Participation acquired FBD's rights to the subject policy in 2013. The Crossclaim alleges that a letter from PF Participation in March 2014 "purported to 'release' Mr. Alexander from any liability of the now near $1,000,000.00 loan (that in actuality Mr. Alexander knew nothing about); all Mr. Alexander would have to do is simply sign away all of his rights. Thus, [PF Participation] was well aware of the true nature of the Policy and set out with such a scheme in mind to divest any third party or insured ownership rights when it decided to acquire an entire portfolio of similar policies." (Id. ¶ 19.)

Dr. Alexander's Crossclaim asserts claims for: (1) recovery of insurance proceeds due to lack of insurable interest pursuant to 18 Del. C. § 2704(b) ("Section 2704(b)"); and (2) declaratory relief. In its Motion to Dismiss, PF Participation contends that Dr. Alexander's Section 2704(b) claim fails because, among other reasons, the Crossclaim never alleges that the subject policy was issued or delivered in Delaware as required for Section 2704(b) to apply, and the policy itself, which is attached to American General's First Amended Complaint, indicates that it was delivered in Florida for the benefit of the Alexander Trust, which was established in Florida where McIntyre, the trustee and an insurance agent, was located. PF Participation asserts that the Crossclaim's claim for declaratory relief fails because Dr. Alexander does not allege sufficient facts supporting a claim that she is the beneficiary of the policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-916 PA (MARx) | Date | June 28, 2023 |
|---|---|---|---|
| Title | American General Life Ins. Co. v. Daryl P. Alexander, M.D., et al. | | |

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 664 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Delaware's Insurance Code places limits on those who may procure life insurance to those with an "insurable interest" as defined by Delaware Insurance Code section 2704(c). See Del. Code Ann. tit. 18, § 2704(a) ("Any individual of competent legal capacity may procure or effect an insurance contract upon his or her own life or body for the benefit of any person, but no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-916 PA (MARx) | Date | June 28, 2023 |
|---|---|---|---|
| Title | American General Life Ins. Co. v. Daryl P. Alexander, M.D., et al. | | |

person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable to the individual insured or his or her personal representatives or to a person having, at the time when such contract was made, an insurable interest in the individual insured."). Section 2704(b) provides: "If the beneficiary, assignee or other payee under any contract made in violation of this section receives from the insurer any benefits thereunder accruing upon the death, disablement or injury of the individual insured, the individual insured or his or her executor or administrator, as the case may be, may maintain an action to recover such benefits from the person so receiving them." Id. § 2704(b). These provisions of the Delaware Insurance Code do not apply to policies "not issued for delivery in [Delaware] nor delivered in [Delaware]." Id. § 2701(2).

Here, Dr. Alexander's Crossclaim does not allege any well-pleaded facts plausibly supporting a conclusion that the policy was issued for delivery in Delaware or delivered in Delaware. Dr. Alexander's Opposition to the Motion to Dismiss asserts that because FBD had a connection to Delaware, and PF Participation is a "Delaware Statutory Trust" with a trustee, Wells Fargo Delaware Trust Company, N.A., with a principal place of business in Delaware, making PF Participation a citizen of Delaware, Section 2704(b) applies to the subject policy. But Dr. Alexander cites no authority for this proposition. Nor does Dr. Alexander cite any authority suggesting that Section 2704(b) applies when a Delaware entity obtains an interest in a policy after the policy is issued for delivery or delivered outside of Delaware. At least as alleged, Dr. Alexander's Crossclaim does not state well-pleaded facts supporting application of Section 2704(b). While it appears from documents attached to American General's operative First Amended Complaint that the subject policy was issued for delivery and delivered in Florida, the Court will provide Dr. Alexander with an opportunity to amend to allege facts supporting application of Section 2704(b). The Court therefore dismisses the Section 2704(b) claim with leave to amend.

The Court concludes that Dr. Alexander's declaratory relief claim alleges sufficient well-pleaded facts to state a claim. The Court therefore denies PF Participation's Motion to Dismiss to the extent it seeks dismissal of the Crossclaim's declaratory relief claim.

For all of the foregoing reasons, the Court concludes that Dr. Alexander's Crossclaim does not allege sufficient well-pleaded facts to state a viable claim pursuant to Section 2704(b). The Court dismisses that claim with leave to amend. The Court denies the Motion to Dismiss the Crossclaim's claim for declaratory relief. Should Dr. Alexander elect to file a First Amended Crossclaim in an attempt to cure the deficient Section 2704(b) claim, the First Amended Crossclaim shall be filed by no later than July 17, 2023. Should Dr. Alexander file a First Amended Crossclaim by that date, PF Participation's response to the First Amended Crossclaim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-916 PA (MARx) | Date | June 28, 2023 |
|---|---|---|---|
| Title | American General Life Ins. Co. v. Daryl P. Alexander, M.D., et al. | | |

shall be filed by no later than August 7, 2023.  If Dr. Alexander does not file a First Amended Crossclaim by July 17, 2023, PF Participation shall, by no later than August 7, 2023, file its Answer to Dr. Alexander's original Crossclaim's remaining claim for declaratory relief.

    IT IS SO ORDERED.